IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00314-CV

 

Pacific Employers Insurance Company,

                                                                      Appellant

 v.

 

William Ira Mathison,

                                                                      Appellee

 

 

 



From the 87th District Court

Limestone County, Texas

Trial Court No. 26,920-B

 



SPECIAL NOTE










 

          At some point the Supreme Court or the
Court of Criminal Appeals will have to decide whether opinions and judgments
voted on by only two justices on this Court are proper.  See Krumnow v.
Krumnow, No. 10-04-00143-CV, 2005 Tex. App. LEXIS 7027, __ S.W.3d __ (Tex. App.—Waco August 24, 2005, no pet. h.)(Special note by Chief Justice Gray issued
August 31, 2005).

          This is an important case to which I
have been unable to devote the time and attention I believe it deserves before
I can vote.  Thus, by rushing its release, the majority deprives me of the
opportunity to spend the time I believe is necessary to review and vote on the
result of the case.  They deprive me of the very opportunity they have on every
one of the opinions that I draft for their review.  They have all the time they
need, not because I give it, though I would do so freely.  They have the time
because it is the appropriate deferral to their discretion as a justice on this
Court.  I also believe the full review by three judges is necessary for the
proper functioning of our appellate court system.

          By the procedure they have chosen to
use, they also deprive the litigants of the considered vote of all members of
the panel to which this case has been assigned.  I think the litigants are
entitled to have all the members of the panel to which the case is assigned
consider and vote on the result of the appeal.  Indeed, by issuing the opinion
in this manner, the majority may be suppressing a dissenting opinion, the
issuance of which would then give the Texas Supreme Court jurisdiction to
review the majority’s opinion.  Tex.
Gov’t Code Ann. § 22.001(a)(1) (Vernon 2004); see also Tex. R. App. P. 56.1(a)(1).

          The release of the opinion in this
case should await the time with patience until I have had the time to review
it, and my vote returned.  Accordingly, at this time I can neither vote to
affirm nor vote to reverse the judgment of the trial court.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Special
Note delivered and filed October 19, 2005

Publish

 






="text-align: justify">      Justice Vance
Dismissed
Opinion delivered and filed July 15, 1992
Do not publish